# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY DILL, | No. 2:16-CV-0741-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| VALLEJO POLICE DEPARTMENT, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

Pursuant to Eastern District of California Local Rule 183(b), any party appearing pro se is required to keep the court informed as to his current address. Plaintiff has failed to do so. On June 14, 2016, the court granted plaintiff in forma pauperis status and directed the Solano County Sheriff's Department to collect and forward filing fee payments. On September 19, 2016, the Solano County Sheriff's Department filed notice with the court that it was unable to collect and forward filing fee payments on behalf of plaintiff because he had been released for time served on August 15, 2016. To date, plaintiff's address-of record remains the Solano

1

| | |
|---|---|
| 1 | County Jail. |
| 2 | The court must weigh five factors before imposing the harsh sanction of |
| 3 | dismissal. See <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000); <u>Malone v.</u> |
| 4 | <u>U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's |
| 5 | interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) |
| 6 | the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on |
| 7 | their merits; and (5) the availability of less drastic sanctions. See <u>id.</u>; see also <u>Ghazali v. Moran</u>, |
| 8 | 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an |
| 9 | appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. |
| 10 | See <u>Malone</u>, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is |
| 11 | appropriate where there has been unreasonable delay. See <u>Henderson v. Duncan</u>, 779 F.2d 1421, |
| 12 | 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to |
| 13 | inform the district court and parties of a change of address pursuant to local rules. See <u>Carey v.</u> |
| 14 | <u>King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam). |
| 15 | Having considered these factors, and in light of plaintiff's failure to submit a |
| 16 | notice of change of address as required under Local Rule 183(b), the court finds that dismissal of |
| 17 | this action is appropriate. Specifically, plaintiff's failure to keep the court informed as to his |
| 18 | current address thwarts the public's interest in expeditious resolution of the case on the merits as |
| 19 | well as the court's ability to manage it's docket. Further, as time passes and evidence becomes |
| 20 | stale, plaintiff's non-compliance creates an increasing risk of prejudice to the defendants. |
| 21 | / / / |
| 22 | / / / |
| 23 | / / / |
| 24 | / / / |
| 25 | / / / |
| 26 | / / / |

Based on the foregoing, the undersigned recommends that this action be dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 8, 2017

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE